IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN WEST VIRGINIA
HUNTINGTON DIVISION

**LESLIE MAY GREENE, individually and
on behalf of her minor child, B.G.,**

      **Plaintiff,**

**v.**

**THE PUTNAM COUNTY COMMISSION,
MARK A. SORSAIA, individually as a
member of Putnam County
Prosecutor's Office; JENNIFER
SCRAGG KARR, individually as a
member of Putnam County
Prosecutor's Office; ELIZABETH
SUNYOG, individually as a member of
Putnam County Prosecutor's Office;
MARIAN SMITH, individually as a
member of Putnam County
Prosecutor's Office; TONY CRAIGO,
individually as a member of Putnam
County Prosecutor's Office;  JODI B.
TYLER, individually as a member of
Kanawha County Prosecutor's Office;
MORGAN M. SWITZER, individually as a
member of the Kanawha County
Prosecutor's Office; C. J. EASTRIDGE,
individually as a member of the West
Virginia State Police; THE CITY OF
HURRICANE; JOSHUA LUCAS,
individually as a member of the City
Hurricane Police Department and,
JAMES MARK MCCOY a/k/a MARK
MCCOY, individually,**

      **Defendants.**

**CIVIL ACTION NO.: 3:21-cv-520
HONORABLE ROBERT C.
CHAMBERS**

<u>**DEFENDANTS, PUTNAM COUNTY COMMISSION, MARK A. SORSAIA, JENNIFER
SCRAGG KARR, ELIZABETH SUNYONG, MARIAN SMITH AND TONY CRAIGO,
ANSWER TO PLAINTIFFS' AMENDED COMPLAINT (ECF 4)**</u>

**NOW COME** the Defendants, Putnam County Commission, Mark Sorsaia, Jennifer Scragg Karr, Elizabeth Sunyong, Marian Smith, Tony Craigo, by counsel, Wendy E. Greve, Drannon L. Adkins, and the law firm of Pullin, Fowler, Flanagan, Brown & Poe, PLLC, without waiving any defenses, and hereby answers Plaintiffs' Amended Complaint (ECF 4).

## GENERAL RESPONSE AND PREAMBLE

This responsive pleading has been prepared, served, and filed by counsel for these Defendants under the Federal Rules of Civil Procedure.  As permitted by Rule 8(e)(2), defenses to the claims made in the Amended Complaint are being asserted alternatively and, in some cases, hypothetically.  Defenses are being asserted regardless of apparent consistency and are based both on legal and equitable grounds.

As the facts of this civil action are fully developed through the discovery process, certain defenses may be abandoned, modified, or amended as permitted by and consistent with the Federal Rules of Civil Procedure.  No discovery has been conducted to date in the above-captioned civil action.  In order to preserve important legal rights and protection, these Defendants set forth below certain affirmative defenses which, based upon the information set forth in the Amended Complaint, they believe do or may apply to some or all of the claims raised therein.  These Defendants reserve the right to withdraw, modify or amend some or all of the affirmative defenses set forth below, in whole or in part, depending on the outcome of discovery in this civil action.

1.     Answering Paragraph 1 of Plaintiffs' Amended Complaint, Defendants state no admission or denial is required.

2.     Paragraph 2 of Plaintiffs' Amended Complaint contains a statement of law or argument to which no admission or denial is required; however, if the Court were to

2

construe Paragraph 2 as containing allegations against these Defendants, Defendants deny the same.

3.     Defendants deny the statements and allegations contained in Paragraph 3 of Plaintiffs' Amended Complaint.

4.     Defendants deny the statements and allegations contained in Paragraph 4 of Plaintiffs' Amended Complaint.

5.     Defendants are without sufficient information to admit or deny the allegations contained in the first sentence of Paragraph 5 of Plaintiffs' Amended Complaint and therefore denies the same.  Defendants deny the remaining statements and allegations in Paragraph 5.

6.     Defendants deny the statements and allegations contained in Paragraph 6 of Plaintiffs' Amended Complaint.

7.     Defendants admit the statements and allegations contained in Paragraph 7 of Plaintiffs' Amended Complaint.

8.     Defendants admit the statements and allegations contained in Paragraph 8 of Plaintiffs' Amended Complaint.

9.     Defendants admit the statements and allegations contained in Paragraph 9 of Plaintiffs' Amended Complaint.

10.     Defendants admit the statements and allegations contained in Paragraph 10 of Plaintiffs' Amended Complaint.

11.      Answering Paragraph 11 of Plaintiffs' Amended Complaint, Defendants admit that Defendant Tony Craigo was a Sergeant with the Putnam County Sheriff's Department and was acting within color of law and within the scope of his employment at all relevant

times.[1]

12.     The statements and allegations contained in Paragraph 12 of the Amended Complaint are not directed to these Defendants, and therefore do not require a response by way of admission or denial; however, to the extent any such allegations relate or pertain these Defendants, the same are denied based upon a lack of knowledge or information sufficient to determine their truth.

13.     The statements and allegations contained in Paragraph 13 of the Amended Complaint are not directed to these Defendants, and therefore do not require a response by way of admission or denial; however, to the extent any such allegations relate or pertain these Defendants, the same are denied based upon a lack of knowledge or information sufficient to determine their truth.

14.     The statements and allegations contained in Paragraph 14 of the Amended Complaint are not directed to these Defendants, and therefore do not require a response by way of admission or denial; however, to the extent any such allegations relate or pertain these Defendants, the same are denied based upon a lack of knowledge or information sufficient to determine their truth.

15.     The statements and allegations contained in Paragraph 15 of the Amended Complaint are not directed to these Defendants, and therefore do not require a response by way of admission or denial; however, to the extent any such allegations relate or pertain these Defendants, the same are denied based upon a lack of knowledge or information sufficient to determine their truth.

---

1 Defendants presume that in referencing "Sargent" throughout the Complaint that Plaintiffs' intended to include Lieutenant Tony Craigo's rank which at that time was Sergeant.

16.     The statements and allegations contained in Paragraph 16 of the Amended Complaint are not directed to these Defendants, and therefore do not require a response by way of admission or denial; however, to the extent any such allegations relate or pertain these Defendants, the same are denied based upon a lack of knowledge or information sufficient to determine their truth.

17.     The statements and allegations contained in Paragraph 17 of the Amended Complaint are not directed to these Defendants, and therefore do not require a response by way of admission or denial; however, to the extent any such allegations relate or pertain these Defendants, the same are denied based upon a lack of knowledge or information sufficient to determine their truth.

18.     Paragraph 18 of Plaintiffs' Amended Complaint has no allegations against these Defendants and therefore no response is required.  However, to the extent that these allegations may be construed against these Defendants, Defendants deny the same and demands strict proof thereof.

## FACTS

19.     In response to Paragraph 19 of Plaintiffs' Amended Complaint, these Defendants hereby incorporate by reference, as fully stated herein, their responses to Paragraphs 1 to 18 of Plaintiffs' Amended Complaint, contained herein above.

20.     Defendants admit the statements and allegations contained in Paragraph 20 of Plaintiffs' Amended Complaint.

21.     Defendants deny the statements and allegations contained in Paragraph 21 of Plaintiffs' Amended Complaint.

22.     Defendants admit the statements and allegations contained in Paragraph

22 of Plaintiffs' Amended Complaint.

23.   Defendants admit the statements and allegations contained in Paragraph 23 of Plaintiffs' Amended Complaint.

24.   Defendants admit Paragraph 24 avers contents of Exhibits 1.

25.   Defendants admit Paragraph 25 avers contents of Exhibits 1.

26.   Defendants admit Paragraph 26 avers contents of Exhibits 2.

27.   Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 27 of Plaintiffs' Complaint.  However, to the extent that these allegations may be construed against these Defendant, Defendants deny the same and demands strict proof thereof.

28.   Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 28 of Plaintiffs' Complaint.  However, to the extent that these allegations may be construed against these Defendant, Defendants deny the same and demands strict proof thereof.

29.   Defendants admit the statements and allegations contained in Paragraph 29 of Plaintiffs' Amended Complaint.

30.   Defendants deny the statements and allegations contained in Paragraph 30 of Plaintiffs' Amended Complaint.

31.   Defendants admit the statements and allegations contained in Paragraph 31 of Plaintiffs' Amended Complaint.

32.   Defendants admit the statements and allegations contained in Paragraph 32 of Plaintiffs' Amended Complaint.

33.     Defendants admit Paragraph 33 recites, in part, contents of Exhibit 3 and denies the characterization within Paragraph 33.

34.     Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 34 of Plaintiffs' Complaint.  However, to the extent that these allegations may be construed against these Defendant, Defendants deny the same and demands strict proof thereof.

35.     Defendants deny the statements and allegations contained in Paragraph 35 of Plaintiffs' Amended Complaint.

36.     Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 36 of Plaintiffs' Complaint.  However, to the extent that these allegations may be construed against these Defendant, Defendants deny the same and demands strict proof thereof.

37.     Defendants deny the statements and allegations contained in Paragraph 37 of Plaintiffs' Amended Complaint.

38. Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 38 of Plaintiffs' Complaint.  However, to the extent that these allegations may be construed against these Defendant, Defendants deny the same and demands strict proof thereof.

39.     The statements and allegations contained in Paragraph 39 of the Amended Complaint are not directed to these Defendants, and therefore do not require a response by way of admission or denial; however, to the extent any such allegations relate or pertain these Defendants, the same are denied based upon a lack of knowledge or information sufficient to determine their truth.

40.     Defendants deny the statements and allegations contained in Paragraph 40 of Plaintiffs' Amended Complaint.

41.     Paragraph 41 of Plaintiffs' Amended Complaint contains a statement of law or argument to which no admission or denial is required; however, if the Court were to construe Paragraph 41 as containing allegations against these Defendants, Defendants deny the same.

42.     Defendants deny the statements and allegations contained in Paragraph 42 of Plaintiffs' Amended Complaint.

43.      Defendants deny the statements and allegations contained in Paragraph 43 of Plaintiffs' Amended Complaint.

44.      The statements and allegations contained in Paragraph 44 of the Amended Complaint are not directed to these Defendants, and therefore do not require a response by way of admission or denial; however, to the extent any such allegations relate or pertain these Defendants, the same are denied based upon a lack of knowledge or information sufficient to determine their truth.

45.     The statements and allegations contained in Paragraph 45 of the Amended Complaint are not directed to these Defendants, and therefore do not require a response by way of admission or denial; however, to the extent any such allegations relate or pertain these Defendants, the same are denied based upon a lack of knowledge or information sufficient to determine their truth.

46.      The statements and allegations contained in Paragraph 46 of the Amended Complaint are not directed to these Defendants, and therefore do not require a response by way of admission or denial; however, to the extent any such allegations relate or pertain

these Defendants, the same are denied based upon a lack of knowledge or information sufficient to determine their truth.

47.     The statements and allegations contained in Paragraph 47 of the Amended Complaint are not directed to these Defendants, and therefore do not require a response by way of admission or denial; however, to the extent any such allegations relate or pertain these Defendants, the same are denied based upon a lack of knowledge or information sufficient to determine their truth.

48.     The statements and allegations contained in Paragraph 48 of the Amended Complaint are not directed to these Defendants, and therefore do not require a response by way of admission or denial; however, to the extent any such allegations relate or pertain these Defendants, the same are denied based upon a lack of knowledge or information sufficient to determine their truth.

49.     The statements and allegations contained in Paragraph 49 of the Amended Complaint are not directed to these Defendants, and therefore do not require a response by way of admission or denial; however, to the extent any such allegations relate or pertain these Defendants, the same are denied based upon a lack of knowledge or information sufficient to determine their truth.

50.     The statements and allegations contained in Paragraph 50 of the Amended Complaint are not directed to these Defendants, and therefore do not require a response by way of admission or denial; however, to the extent any such allegations relate or pertain these Defendants, the same are denied based upon a lack of knowledge or information sufficient to determine their truth.

51.     The statements and allegations contained in Paragraph 51 of the Amended Complaint are not directed to these Defendants, and therefore do not require a response by way of admission or denial; however, to the extent any such allegations relate or pertain these Defendants, the same are denied based upon a lack of knowledge or information sufficient to determine their truth.

52.     The statements and allegations contained in Paragraph 52 of the Amended Complaint are not directed to these Defendants, and therefore do not require a response by way of admission or denial; however, to the extent any such allegations relate or pertain these Defendants, the same are denied based upon a lack of knowledge or information sufficient to determine their truth.

53.     The statements and allegations contained in Paragraph 53 of the Amended Complaint are not directed to these Defendants, and therefore do not require a response by way of admission or denial; however, to the extent any such allegations relate or pertain these Defendants, the same are denied based upon a lack of knowledge or information sufficient to determine their truth.

54.     Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 54 of Plaintiffs' Complaint.  However, to the extent that these allegations may be construed against these Defendants, Defendants deny the same and demands strict proof thereof.

55.     Defendants admit the statements and allegations contained in Paragraph 55 of Plaintiffs' Amended Complaint.

56.     The statements and allegations contained in Paragraph 56 of the Amended Complaint are not directed to these Defendants, and therefore do not require a response by

way of admission or denial; however, to the extent any such allegations relate or pertain these Defendants, the same are denied based upon a lack of knowledge or information sufficient to determine their truth.

57.     The statements and allegations contained in Paragraph 57 of the Amended Complaint are not directed to these Defendants, and therefore do not require a response by way of admission or denial; however, to the extent any such allegations relate or pertain these Defendants, the same are denied based upon a lack of knowledge or information sufficient to determine their truth.

58.     The statements and allegations contained in Paragraph 58 of the Amended Complaint are not directed to these Defendants, and therefore do not require a response by way of admission or denial; however, to the extent any such allegations relate or pertain these Defendants, the same are denied based upon a lack of knowledge or information sufficient to determine their truth.

59.     The statements and allegations contained in Paragraph 59 of the Amended Complaint are not directed to these Defendants, and therefore do not require a response by way of admission or denial; however, to the extent any such allegations relate or pertain these Defendants, the same are denied based upon a lack of knowledge or information sufficient to determine their truth.

60.     The statements and allegations contained in Paragraph 60 of the Amended Complaint are not directed to these Defendants, and therefore do not require a response by way of admission or denial; however, to the extent any such allegations relate or pertain these Defendants, the same are denied based upon a lack of knowledge or information sufficient to determine their truth.

61.    The statements and allegations contained in Paragraph 61 of the Amended Complaint are not directed to these Defendants, and therefore do not require a response by way of admission or denial; however, to the extent any such allegations relate or pertain these Defendants, the same are denied based upon a lack of knowledge or information sufficient to determine their truth.

62.    Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 62 of Plaintiffs' Complaint.  However, to the extent that these allegations may be construed against these Defendants, Defendants deny the same and demands strict proof thereof.

63.    Paragraph 63 of Plaintiffs' Amended Complaint contains a statement of law or argument to which no admission or denial is required; however, if the Court were to construe Paragraph 63 as containing allegations against these Defendants, Defendants deny the same.

64.    Paragraph 64 of Plaintiffs' Amended Complaint contains a statement of law or argument to which no admission or denial is required; however, if the Court were to construe Paragraph 64 as containing allegations against these Defendants, Defendants deny the same.

65.    Defendants deny the statements and allegations contained in Paragraph 65 of Plaintiffs' Amended Complaint.

66.    Defendants admit the statements and allegations contained in Paragraph 66 of Plaintiffs' Amended Complaint.

67.    Defendants deny the statements and allegations contained in Paragraph 67 of Plaintiffs' Amended Complaint.

12

68.     Answering Paragraph 68 of Plaintiffs' Amended Complaint, Defendants admit that Exhibit 6 is a Petition for Domestic Violence Civil Contempt.

69.     The statements and allegations contained in Paragraph 69 of the Amended Complaint are not directed to these Defendants, and therefore do not require a response by way of admission or denial; however, to the extent any such allegations relate or pertain these Defendants, the same are denied based upon a lack of knowledge or information sufficient to determine their truth.

70.     Answering Paragraph 70 of Plaintiffs' Amended Complaint, Defendants admit that Exhibit 7 is a Motion to Vacate Custody Terms of Emergency Protective Order.

71.     Defendants deny the statements and allegations contained in Paragraph 71 of Plaintiffs' Amended Complaint.

72.     Defendants deny the statements and allegations contained in Paragraph 72 of Plaintiffs' Amended Complaint.

73.     Defendants admit the statements and allegations contained in Paragraph 73 of Plaintiffs' Amended Complaint.

74.     Defendants admit the statements and allegations contained in Paragraph 74 of Plaintiffs' Amended Complaint.

75.     Defendants deny the statements and allegations contained in Paragraph 75 of Plaintiffs' Amended Complaint.

76.     The statements and allegations contained in Paragraph 76 of the Amended Complaint are not directed to these Defendants, and therefore do not require a response by way of admission or denial; however, to the extent any such allegations relate or pertain

these Defendants, the same are denied based upon a lack of knowledge or information sufficient to determine their truth.

77.     Defendants deny the statements and allegations contained in Paragraph 77 of Plaintiffs' Amended Complaint.

78.     Paragraph 78 of Plaintiffs' Amended Complaint contains a statement of law or argument to which no admission or denial is required; however, if the Court were to construe Paragraph 78 as containing allegations against these Defendants, Defendants deny the same.

79.     Defendants deny the statements and allegations contained in Paragraph 79 of Plaintiffs' Amended Complaint.

80.     Defendants deny the statements and allegations contained in Paragraph 80 of Plaintiffs' Amended Complaint.

81.     Upon information and belief, Defendants admit the statements and allegations contained in Paragraph 81 of Plaintiffs' Amended Complaint.

82.     Defendants deny the statements and allegations contained in Paragraph 82 of Plaintiffs' Amended Complaint.

83.     Defendants deny the statements and allegations contained in Paragraph 83 of Plaintiffs' Amended Complaint.

84.     Defendants deny the statements and allegations contained in Paragraph 84 of Plaintiffs' Amended Complaint.

85.     Paragraph 85 of Plaintiffs' Amended Complaint contains a statement of law or argument to which no admission or denial is required; however, if the Court were to construe Paragraph 85 as containing allegations against these Defendants, Defendants

deny the same.

86.     Paragraph 86 of Plaintiffs' Amended Complaint contains a statement of law or argument to which no admission or denial is required; however, Defendants deny as it is a misstatement of law.

87.     Defendants deny the statements and allegations contained in Paragraph 87 of Plaintiffs' Amended Complaint.

88.     Defendants deny the statements and allegations contained in Paragraph 88 of Plaintiffs' Amended Complaint.

89.     Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 89 of Plaintiffs' Complaint.  However, to the extent that these allegations may be construed against these Defendants, Defendants deny the same and demands strict proof thereof.

90.     Defendants deny the statements and allegations contained in Paragraph 90 of Plaintiffs' Amended Complaint.

91.     Upon information and belief, Defendants admit the statements and allegations contained in Paragraph 91 of Plaintiffs' Amended Complaint.

92.     Upon information and belief, Defendants admit the statements and allegations contained in Paragraph 92 of Plaintiffs' Amended Complaint.

93.     Defendants deny the statements and allegations contained in Paragraph 93 of Plaintiffs' Amended Complaint.

94.     Defendants deny the statements and allegations contained in Paragraph 94 of Plaintiffs' Amended Complaint.

95.     Defendants deny the statements and allegations contained in Paragraph

95 of Plaintiffs' Amended Complaint.

96.     Answering Paragraph 96 of Plaintiffs' Amended Complaint, Defendants admit this statement is within Exhibit 8 to Plaintiffs' original Amended Complaint.

97.     Answering Paragraph 97 of Plaintiffs' Amended Complaint, Defendants admit this statement is within Exhibit 8 to Plaintiffs' original Amended Complaint.

98.     Defendants deny the statements and allegations contained in Paragraph 98 of Plaintiffs' Amended Complaint.

99.     Defendants deny the statements and allegations contained in Paragraph 99 of Plaintiffs' Amended Complaint.

100.     Answering Paragraph 100 of Plaintiffs' Amended Complaint, Defendants admit this statement is within Exhibit 8 to Plaintiffs' original Amended Complaint.

101.     Defendants deny the statements and allegations contained in Paragraph 101 of Plaintiffs' Amended Complaint.

102.     Defendants deny the statements and allegations contained in Paragraph 102 of Plaintiffs' Amended Complaint.

103.     Defendants deny the statements and allegations contained in Paragraph 103 of Plaintiffs' Amended Complaint.

104.     Defendants deny the statements and allegations contained in Paragraph 104 of Plaintiffs' Amended Complaint.

105.     Defendants deny the statements and allegations contained in Paragraph 105 of Plaintiffs' Amended Complaint.

106.     Defendants admit the statements and allegations contained in Paragraph 106 of Plaintiffs' Amended Complaint.

107.    Defendants deny the statements and allegations contained in Paragraph 107 of Plaintiffs' Amended Complaint.

108.    Defendants deny the statements and allegations contained in Paragraph 108 of Plaintiffs' Amended Complaint.

109.    Defendants deny the statements and allegations contained in Paragraph 109 of Plaintiffs' Amended Complaint.

110.    Defendants deny the statements and allegations contained in Paragraph 110 of Plaintiffs' Amended Complaint.

111.    Defendants deny the statements and allegations contained in Paragraph 111 of Plaintiffs' Amended Complaint.

112.    Defendants deny the statements and allegations contained in Paragraph 112 of Plaintiffs' Amended Complaint.

113.    Answering Paragraph 113 of Plaintiffs' Amended Complaint, Defendants deny Plaintiff's allegation she was not concealing the child and admit Plaintiff was indicted.

114.    Answering Paragraph 114 of Plaintiffs' Amended Complaint, Defendants deny any misconduct during the grand jury proceeding and deny Plaintiffs' characterization of information as exculpatory.

115.    Defendants deny the statements and allegations contained in Paragraph 115 of Plaintiffs' Amended Complaint.

116.    Defendants admit the statements and allegations contained in Paragraph 116 of Plaintiffs' Amended Complaint.

117.    Defendants deny the statements and allegations contained in Paragraph 117 of Plaintiffs' Amended Complaint.

118.    Defendants deny the statements and allegations contained in Paragraph 118 of Plaintiffs' Amended Complaint.

119.    Defendants deny the statements and allegations contained in Paragraph 119 of Plaintiffs' Amended Complaint.

120.    Answering Paragraph 120 of Plaintiffs' Amended Complaint, Defendants are unable to admit or deny the statements and allegations.

121.    Defendants deny the statements and allegations contained in Paragraph 121 of Plaintiffs' Amended Complaint.

122.    Defendants deny the statements and allegations contained in Paragraph 122 of Plaintiffs' Amended Complaint.

123.    Paragraph 123 of Plaintiffs' Amended Complaint contains a statement of law or argument to which no admission or denial is required; however, if the Court were to construe Paragraph 123 as containing allegations against these Defendants, Defendants deny the same.

124.    Paragraph 124 of Plaintiffs' Amended Complaint contains a statement of law or argument to which no admission or denial is required; however, if the Court were to construe Paragraph 124 as containing allegations against these Defendants, Defendants deny the same.

125.    The statements and allegations contained in Paragraph 125 of the Amended Complaint are not directed to these Defendants, and therefore do not require a response by way of admission or denial; however, to the extent any such allegations relate or pertain these Defendants, the same are denied based upon a lack of knowledge or information sufficient to determine their truth.

126.    Defendants deny the statements and allegations contained in Paragraph 126 of Plaintiffs' Amended Complaint.

127.    Defendants deny the statements and allegations contained in Paragraph 127 of Plaintiffs' Amended Complaint.

128.    The statements and allegations contained in Paragraph 128 of the Amended Complaint are not directed to these Defendants, and therefore do not require a response by way of admission or denial; however, to the extent any such allegations relate or pertain these Defendants, the same are denied based upon a lack of knowledge or information sufficient to determine their truth.

129.    Defendants deny the statements and allegations contained in Paragraph 129 of Plaintiffs' Amended Complaint.

130.    Defendants deny the statements and allegations contained in Paragraph 130 of Plaintiffs' Amended Complaint.

131.    Defendants deny the statements and allegations contained in Paragraph 131 of Plaintiffs' Amended Complaint.

132.    Defendants admit the statements and allegations contained in Paragraph 132 of Plaintiffs' Amended Complaint.

133.    Defendants admit the statements and allegations contained in Paragraph 133 of Plaintiffs' Amended Complaint.

134.    Answering Paragraph 134 of Plaintiffs' Amended Complaint, Defendants admit Plaintiff was found guilty and appealed.  Defendants deny the remainder of the allegations.

135.    Defendants deny the statements and allegations contained in Paragraph

135 of Plaintiffs' Amended Complaint.

136.   Defendants deny the statements and allegations contained in Paragraph 136 of Plaintiffs' Amended Complaint.  Defendant Karr believed Plaintiff would take a plea or injury her child.  Defendants never had concern Plaintiff would injure herself.

137.   Answering Paragraph 137 of Plaintiffs' Amended Complaint, Defendants admit the contents of the West Virginia State Police report; however, Defendants deny that the location of the phone was "evidence" of Plaintiff's illegal stalking.

138.   Defendants deny the statements and allegations contained in Paragraph 138 of Plaintiffs' Amended Complaint.

139. Defendants deny the statements and allegations contained in Paragraph 139 of Plaintiffs' Amended Complaint.

140.   Defendants admit the statements and allegations contained in Paragraph 140 of Plaintiffs' Amended Complaint.

141.   Defendants deny the statements and allegations contained in Paragraph 141 of Plaintiffs' Amended Complaint.

142.   Upon information and belief, Defendants admit the statements and allegations contained in Paragraph 142 of Plaintiffs' Amended Complaint.

143.   Defendants deny the statements and allegations contained in Paragraph 143 of Plaintiffs' Amended Complaint.

144.   Defendants deny the statements and allegations contained in Paragraph 144 of Plaintiffs' Amended Complaint.

145.   Defendants deny the statements and allegations contained in Paragraph 145 of Plaintiffs' Amended Complaint.

146.    Defendants deny the statements and allegations contained in Paragraph 146 of Plaintiffs' Amended Complaint.

147.    Defendants deny the statements and allegations contained in Paragraph 147 of Plaintiffs' Amended Complaint.

148.    Defendants deny the statements and allegations contained in Paragraph 148 of Plaintiffs' Amended Complaint.

149.    The statements and allegations contained in Paragraph 149 of the Amended Complaint are not directed to these Defendants, and therefore do not require a response by way of admission or denial; however, to the extent any such allegations relate or pertain these Defendants, the same are denied based upon a lack of knowledge or information sufficient to determine their truth.

150.    Defendants deny the statements and allegations contained in Paragraph 150 of Plaintiffs' Amended Complaint.

151.    Defendants deny the statements and allegations contained in Paragraph 151 of Plaintiffs' Amended Complaint.

152.    Defendants deny the statements and allegations contained in Paragraph 152 of Plaintiffs' Amended Complaint.

153.    Defendants deny the statements and allegations contained in Paragraph 153 of Plaintiffs' Amended Complaint.

154.    Answering Paragraph 154 of Plaintiffs' Amended Complaint, Defendants admit Plaintiff was indicted as noted in Exhibit 12.

155.    Defendants admit the statements and allegations contained in Paragraph 155 of Plaintiffs' Amended Complaint.

156.    Defendants deny the statements and allegations contained in Paragraph 156 of Plaintiffs' Amended Complaint.

157.    Defendants deny the statements and allegations contained in Paragraph 157 of Plaintiffs' Amended Complaint.

158.    Defendants deny the statements and allegations contained in Paragraph 158 of Plaintiffs' Amended Complaint.

159.    Defendants deny the statements and allegations contained in Paragraph 159 of Plaintiffs' Amended Complaint.

160.    Defendants deny the statements and allegations contained in Paragraph 160 of Plaintiffs' Amended Complaint.

161.    Defendants deny the statements and allegations contained in Paragraph 161 of Plaintiffs' Amended Complaint.

162.    Defendants deny the statements and allegations contained in Paragraph 162 of Plaintiffs' Amended Complaint.

163.    The statements and allegations contained in Paragraph 163 of the Amended Complaint are not directed to these Defendants, and therefore do not require a response by way of admission or denial; however, to the extent any such allegations relate or pertain these Defendants, the same are denied based upon a lack of knowledge or information sufficient to determine their truth.

164.    Defendants deny the statements and allegations contained in Paragraph 164 of Plaintiffs' Amended Complaint.

165.    Defendants deny the statements and allegations contained in Paragraph 165 of Plaintiffs' Amended Complaint.

166.    Defendants deny the statements and allegations contained in Paragraph 166 of Plaintiffs' Amended Complaint.

167.    The statements and allegations contained in Paragraph 167 of the Amended Complaint are not directed to these Defendants, and therefore do not require a response by way of admission or denial; however, to the extent any such allegations relate or pertain these Defendants, the same are denied based upon a lack of knowledge or information sufficient to determine their truth.

168.    The statements and allegations contained in Paragraph 168 of the Amended Complaint are not directed to these Defendants, and therefore do not require a response by way of admission or denial; however, to the extent any such allegations relate or pertain these Defendants, the same are denied based upon a lack of knowledge or information sufficient to determine their truth.

169.    The statements and allegations contained in Paragraph 169 of the Amended Complaint are not directed to these Defendants, and therefore do not require a response by way of admission or denial; however, to the extent any such allegations relate or pertain these Defendants, the same are denied based upon a lack of knowledge or information sufficient to determine their truth.

170.    Defendants deny the statements and allegations contained in Paragraph 170 of Plaintiffs' Amended Complaint.

171.    Defendants deny the statements and allegations contained in Paragraph 171 of Plaintiffs' Amended Complaint.

172.    Defendants deny the statements and allegations contained in Paragraph 172 of Plaintiffs' Amended Complaint.

173.    Defendants admit the statements and allegations contained in Paragraph 173 of Plaintiffs' Amended Complaint.

174.    Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 174 of Plaintiffs' Complaint.  However, to the extent that these allegations may be construed against these Defendant, Defendants deny the same and demands strict proof thereof.

175.    Defendants admit the statements and allegations contained in Paragraph 175 of Plaintiffs' Amended Complaint.

176.    Defendants admit the statements and allegations contained in Paragraph 176 of Plaintiffs' Amended Complaint.

177.    Defendants deny the statements and allegations contained in Paragraph 177 of Plaintiffs' Amended Complaint.

178.    Defendants admit the statements and allegations contained in Paragraph 178 of Plaintiffs' Amended Complaint.

179.    Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 179 of Plaintiffs' Complaint.  However, to the extent that these allegations may be construed against these Defendant, Defendants deny the same and demands strict proof thereof.

180.    Defendants deny the statements and allegations contained in Paragraph 180 of Plaintiffs' Amended Complaint.

181.    Defendants admit the statements and allegations contained in Paragraph 181 of Plaintiffs' Amended Complaint.

182.    Defendants admit the statements and allegations contained in Paragraph

182 of Plaintiffs' Amended Complaint.

183.    Defendants admit the statements and allegations contained in Paragraph 183 of Plaintiffs' Amended Complaint.

184.    Defendants deny the statements and allegations contained in Paragraph 184 of Plaintiffs' Amended Complaint.

185.    Defendants deny the statements and allegations contained in Paragraph 185 of Plaintiffs' Amended Complaint.

186.    Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 186 of Plaintiffs' Complaint.  However, to the extent that these allegations may be construed against these Defendant, Defendants deny the same and demands strict proof thereof.

187.    Defendants deny the statements and allegations contained in Paragraph 187 of Plaintiffs' Amended Complaint.

188.    Defendants deny the statements and allegations contained in Paragraph 188 of Plaintiffs' Amended Complaint.

189.    Defendants deny the statements and allegations contained in Paragraph 189 of Plaintiffs' Amended Complaint.

190.    Answering Paragraph 190 of Plaintiffs' Amended Complaint, Defendants deny any misconduct during the grand jury proceeding and deny Plaintiff's characterization of information as exculpatory.

191. Defendants deny the statements and allegations contained in Paragraph 191 of Plaintiffs' Amended Complaint.

192.     Defendants deny the statements and allegations contained in Paragraph

25

192 of Plaintiffs' Amended Complaint.

193.    Defendants deny the statements and allegations contained in Paragraph 193 of Plaintiffs' Amended Complaint.

194. Defendants deny the statements and allegations contained in Paragraph 194 of Plaintiffs' Amended Complaint.

195.    Defendants deny the statements and allegations contained in Paragraph 195 of Plaintiffs' Amended Complaint.

196.    Defendants deny the statements and allegations contained in Paragraph 196 of Plaintiffs' Amended Complaint.

197.    Defendants deny the statements and allegations contained in Paragraph 197 of Plaintiffs' Amended Complaint.

198.    The statements and allegations contained in Paragraph 198 of the Amended Complaint are not directed to these Defendants, and therefore do not require a response by way of admission or denial; however, to the extent any such allegations relate or pertain these Defendants, the same are denied based upon a lack of knowledge or information sufficient to determine their truth.

199.    Defendants deny the statements and allegations contained in Paragraph 199 of Plaintiffs' Amended Complaint.

200.    Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 200 of Plaintiffs' Complaint.  However, to the extent that these allegations may be construed against these Defendant, Defendants deny the same and demands strict proof thereof.

201.    Defendants deny the statements and allegations contained in Paragraph 201

of Plaintiffs' Amended Complaint.

202.    Defendants deny the statements and allegations contained in Paragraph 202 of Plaintiffs' Amended Complaint.

203.    Defendants deny the statements and allegations contained in Paragraph 203 of Plaintiffs' Amended Complaint.

204.    Defendants deny the statements and allegations contained in Paragraph 204 of Plaintiffs' Amended Complaint.

205.    Defendants deny the statements and allegations contained in Paragraph 205 of Plaintiffs' Amended Complaint.

206.    Defendants deny the statements and allegations contained in Paragraph 206 of Plaintiffs' Amended Complaint.

207.    Defendants deny the statements and allegations contained in Paragraph 207 of Plaintiffs' Amended Complaint.

208.    Defendants deny the statements and allegations contained in Paragraph 208 of Plaintiffs' Amended Complaint.

209.    Defendants deny the statements and allegations contained in Paragraph 209 of Plaintiffs' Amended Complaint.

210.    Defendants admit the statements and allegations contained in Paragraph 210 of Plaintiffs' Amended Complaint.

211.    Answering Paragraph 211 of Plaintiffs' Amended Complaint, Defendants admit Plaintiffs' attorney filed the Motion, Exhibit 13.

212.    Defendants admit the statements and allegations contained in Paragraph 212 of Plaintiffs' Amended Complaint.

213.    Defendants admit the statements and allegations contained in Paragraph 213 of Plaintiffs' Amended Complaint.

214.    Defendants state that Paragraph 214 does not allege any facts and no response is required and if any be deemed required, Defendants deny Paragraph 214 if construed against them.

215.    Defendants deny the statements and allegations contained in Paragraph 215 of Plaintiffs' Amended Complaint.

216.    Defendants deny the statements and allegations contained in Paragraph 216 of Plaintiffs' Amended Complaint.

217.    Defendants deny the statements and allegations contained in Paragraph 217 of Plaintiffs' Amended Complaint.

218.    Defendants deny the statements and allegations contained in Paragraph 218 of Plaintiffs' Amended Complaint.

219.    Defendants deny the statements and allegations contained in Paragraph 219 of Plaintiffs' Amended Complaint.

220.    Defendants deny the statements and allegations contained in Paragraph 220 of Plaintiffs' Amended Complaint.

221.    Defendants deny the statements and allegations contained in Paragraph 221 of Plaintiffs' Amended Complaint.

222.    Defendants deny the statements and allegations contained in Paragraph 222 of Plaintiffs' Amended Complaint.

223.    Defendants admit the statements and allegations contained in Paragraph 223 of Plaintiffs' Amended Complaint.

224.    Defendants deny the statements and allegations contained in Paragraph 224 of Plaintiffs' Amended Complaint.

225.    Defendants admit the statements and allegations contained in Paragraph 225 of Plaintiffs' Amended Complaint.

226.    Defendants deny the statements and allegations contained in Paragraph 226 of Plaintiffs' Amended Complaint.

227.    Defendants deny the statements and allegations contained in Paragraph 227 of Plaintiffs' Amended Complaint.

228.    Defendants deny the statements and allegations contained in Paragraph 228 of Plaintiffs' Amended Complaint.

229.    Defendants deny the statements and allegations contained in Paragraph 229 of Plaintiffs' Amended Complaint.

230.    Defendants deny the statements and allegations contained in Paragraph 230 of Plaintiffs' Amended Complaint.

231. Defendants state that Paragraph 231 does not allege any facts and no response is required and if any be deemed required, Defendants deny Paragraph 231 if construed against them.

232.    Defendants deny the statements and allegations contained in Paragraph 232 of Plaintiffs' Amended Complaint.

233.    Defendants deny the statements and allegations contained in Paragraph 233 of Plaintiffs' Amended Complaint.

234.    Defendants deny the statements and allegations contained in Paragraph 234, and subparagraphs a-k, of Plaintiffs' Amended Complaint.

## COUNT I – FOURTH AMENDMENTT UNREASONABLE SEIZURE VIOLATIONS UNDER 42 U.S.C.§1983

235.    In response to Paragraph 235 of Plaintiffs' Amended Complaint, these Defendants hereby incorporate by reference, as fully stated herein, their responses to Paragraphs 1 to 234 of Plaintiffs' Amended Complaint, contained herein above.

236.    Defendants deny the statements and allegations contained in Paragraph 236 of Plaintiffs' Amended Complaint.

237.    Defendants admit the statements and allegations contained in Paragraph 237 of Plaintiffs' Amended Complaint.

238.    Defendants admit the statements and allegations contained in Paragraph 238 of Plaintiffs' Amended Complaint.

239.    Defendants admit the statements and allegations contained in Paragraph 239 of Plaintiffs' Amended Complaint.

240.    Defendants admit the statements and allegations contained in Paragraph 240 of Plaintiffs' Amended Complaint.

241.    The statements and allegations contained in Paragraph 241 of the Amended Complaint are not directed to these Defendants, and therefore do not require a response by way of admission or denial; however, to the extent any such allegations relate or pertain these Defendants, the same are denied based upon a lack of knowledge or information sufficient to determine their truth.

242.    The statements and allegations contained in Paragraph 242 of the Amended Complaint are not directed to these Defendants, and therefore do not require a response by way of admission or denial; however, to the extent any such allegations relate or pertain

these Defendants, the same are denied based upon a lack of knowledge or information sufficient to determine their truth.

243.    The statements and allegations contained in Paragraph 243 of the Amended Complaint are not directed to these Defendants, and therefore do not require a response by way of admission or denial; however, to the extent any such allegations relate or pertain these Defendants, the same are denied based upon a lack of knowledge or information sufficient to determine their truth.

244.    The statements and allegations contained in Paragraph 244 of the Amended Complaint are not directed to these Defendants, and therefore do not require a response by way of admission or denial; however, to the extent any such allegations relate or pertain these Defendants, the same are denied based upon a lack of knowledge or information sufficient to determine their truth.

245.    The statements and allegations contained in Paragraph 245 of the Plaintiffs' Amended Complaint contain no allegations and do not require a response by way of admission or denial; however, to the extent any such allegations relate or pertain these Defendants, the same are denied based upon a lack of knowledge or information sufficient to determine their truth.

246.    Defendants deny the statements and allegations contained in Paragraph 246 of Plaintiffs' Amended Complaint.

247.    Defendants deny the statements and allegations contained in Paragraph 247 of Plaintiffs' Amended Complaint.

## **FALSE ARREST**

248.    Defendants deny the statements and allegations contained in Paragraph

248 of Plaintiffs' Amended Complaint.

249.    Defendants deny the statements and allegations contained in Paragraph 249 of Plaintiffs' Amended Complaint.

250.    Defendants deny the statements and allegations contained in Paragraph 250 of Plaintiffs' Amended Complaint.

251.    Defendants deny the statements and allegations contained in Paragraph 251 of Plaintiffs' Amended Complaint.

252.    Defendants deny the statements and allegations contained in Paragraph 252 of Plaintiffs' Amended Complaint.

253.    Defendants deny the statements and allegations contained in Paragraph 253 of Plaintiffs' Amended Complaint.

254.    Defendants deny the statements and allegations contained in Paragraph 254 of Plaintiffs' Amended Complaint.

255.    Defendants deny the statements and allegations contained in Paragraph 255 of Plaintiffs' Amended Complaint.

256.    Defendants deny the statements and allegations contained in Paragraph 256 of Plaintiffs' Amended Complaint.

257.    Defendants deny the statements and allegations contained in Paragraph 257 of Plaintiffs' Amended Complaint.

258.    Defendants deny the statements and allegations contained in Paragraph 258 of Plaintiffs' Amended Complaint.

## **UNLAWFUL SEARCH AND SEIZURE**

259.    The statements and allegations contained in Paragraph 259 of the Amended Complaint are not directed to these Defendants, and therefore do not require a response by way of admission or denial; however, to the extent any such allegations relate or pertain these Defendants, the same are denied based upon a lack of knowledge or information sufficient to determine their truth.

260.    The statements and allegations contained in Paragraph 260 of the Amended Complaint are not directed to these Defendants, and therefore do not require a response by way of admission or denial; however, to the extent any such allegations relate or pertain these Defendants, the same are denied based upon a lack of knowledge or information sufficient to determine their truth.

261.    The statements and allegations contained in Paragraph 261 of the Amended Complaint are not directed to these Defendants, and therefore do not require a response by way of admission or denial; however, to the extent any such allegations relate or pertain these Defendants, the same are denied based upon a lack of knowledge or information sufficient to determine their truth.

262.    Defendants deny the statements and allegations contained in Paragraph 262 of Plaintiffs' Amended Complaint.

263.     Defendants deny the statements and allegations contained in Paragraph 263 of Plaintiffs' Amended Complaint.

264.    Defendants deny the statements and allegations contained in Paragraph 264 of Plaintiffs' Amended Complaint.

265. Defendants deny the statements and allegations contained in Paragraph 265 of Plaintiffs' Amended Complaint.

33

**FALSE IMPRISONMENT**

266.    Defendants deny the statements and allegations contained in Paragraph 266 of Plaintiffs' Amended Complaint.

267.     Defendants deny the statements and allegations contained in Paragraph 267 of Plaintiffs' Amended Complaint.

268.    Defendants deny the statements and allegations contained in Paragraph 268 of Plaintiffs' Amended Complaint.

269.    Defendants deny the statements and allegations contained in Paragraph 269 of Plaintiffs' Amended Complaint.

**MALICIOUS PROSECUTION/ABUSE OF JUDICIAL PROCESS**

270.     Defendants deny the statements and allegations contained in Paragraph 270 of Plaintiffs' Amended Complaint.

271.    Defendants deny the statements and allegations contained in Paragraph 271 of Plaintiffs' Amended Complaint.

272.    Defendants deny the statements and allegations contained in Paragraph 272 of Plaintiffs' Amended Complaint.

273.    Defendants deny the statements and allegations contained in Paragraph 273 of Plaintiffs' Amended Complaint.

274.    Defendants deny the statements and allegations contained in Paragraph 274 of Plaintiffs' Amended Complaint.

275.    Defendants deny the statements and allegations contained in Paragraph 275 of Plaintiffs' Amended Complaint.

276.    Defendants deny the statements and allegations contained in Paragraph

276 of Plaintiffs' Amended Complaint.

277. The statements and allegations contained in Paragraph 277 of the Plaintiffs' Amended Complaint contain no allegations and do not require a response by way of admission or denial; however, to the extent any such allegations relate or pertain these Defendants, the same are denied based upon a lack of knowledge or information sufficient to determine their truth.

278. Defendants deny the statements and allegations contained in Paragraph 278 of Plaintiffs' Amended Complaint.

## COUNT II – FOURTEENTH AMENDMENT SUBSTANTATIVE DUE PROCESS VIOLATION UNDER 42 U.S.C. §1983

279. In response to Paragraph 279 of Plaintiffs' Amended Complaint, these Defendants hereby incorporate by reference, as fully stated herein, their responses to Paragraphs 1 to 278 of Plaintiffs' Amended Complaint, contained herein above.

280. Defendants deny the statements and allegations contained in Paragraph 280 of Plaintiffs' Amended Complaint.

281. Defendants deny the statements and allegations contained in Paragraph 281 of Plaintiffs' Amended Complaint.

282. Defendants deny the statements and allegations contained in Paragraph 282 of Plaintiffs' Amended Complaint.

283. Defendants deny the statements and allegations contained in Paragraph 283 of Plaintiffs' Amended Complaint.

284. Defendants deny the statements and allegations contained in Paragraph 284 of Plaintiffs' Amended Complaint.

285. The statements and allegations contained in Paragraph 285 of the Plaintiffs'

Amended Complaint contain no allegations and do not require a response by way of admission or denial; however, to the extent any such allegations relate or pertain these Defendants, the same are denied based upon a lack of knowledge or information sufficient to determine their truth.

286.    Defendants deny the statements and allegations contained in Paragraph 286 of Plaintiffs' Amended Complaint.

## COUNT III – NEGLIGENCE

287.    In response to Paragraph 287 of Plaintiffs' Amended Complaint, these Defendants hereby incorporate by reference, as fully stated herein, their responses to Paragraphs 1 to 286 of Plaintiffs' Amended Complaint, contained herein above.

288.    Paragraph 288 of Plaintiffs' Amended Complaint contains a statement of law or argument to which no admission or denial is required; however, Defendants deny as it is an incorrect status of law.

289.    Defendants deny the statements and allegations contained in Paragraph 289 of Plaintiffs' Amended Complaint.

290.    Defendants deny the statements and allegations contained in Paragraph 290 of Plaintiffs' Amended Complaint.

291.    Defendants deny the statements and allegations contained in Paragraph 291 of Plaintiffs' Amended Complaint.

292.    Defendants deny the statements and allegations contained in Paragraph 292 of Plaintiffs' Amended Complaint.

## COUNT IV – GROSS NEGLIGENCE

293.    In response to Paragraph 293 of Plaintiffs' Amended Complaint, these

Defendants hereby incorporate by reference, as fully stated herein, their responses to Paragraphs 1 to 292 of Plaintiffs' Amended Complaint, contained herein above.

294.    Paragraph 294 of Plaintiffs' Amended Complaint contains a statement of law or argument to which no admission or denial is required; however, Defendants deny as it is an incorrect status of law.

295.    Defendants deny the statements and allegations contained in Paragraph 295 of Plaintiffs' Amended Complaint.

296.    Defendants deny the statements and allegations contained in Paragraph 296 of Plaintiffs' Amended Complaint.

297.    Defendants deny the statements and allegations contained in Paragraph 297 of Plaintiffs' Amended Complaint.

298.    Defendants deny the statements and allegations contained in Paragraph 298 of Plaintiffs' Amended Complaint.

299.    Defendants deny the statements and allegations contained in Paragraph 299 of Plaintiffs' Amended Complaint.

300.    Defendants deny the statements and allegations contained in Paragraph 300 of Plaintiffs' Amended Complaint.

## COUNT V – PRIMA FACIE NEGLIGENCE

301.    In response to Paragraph 301 of Plaintiffs' Amended Complaint, these Defendants hereby incorporate by reference, as fully stated herein, their responses to Paragraphs 1 to 300 of Plaintiffs' Amended Complaint, contained herein above.

302.    Defendants deny the statements and allegations contained in Paragraph 302 of Plaintiffs' Amended Complaint.

303. Defendants deny the statements and allegations contained in Paragraph 303 of Plaintiffs' Amended Complaint.

304. Defendants deny the statements and allegations contained in Paragraph 304 of Plaintiffs' Amended Complaint.

305. Defendants deny the statements and allegations contained in Paragraph 305 of Plaintiffs' Amended Complaint.

306. Defendants deny the statements and allegations contained in Paragraph 306 of Plaintiffs' Amended Complaint.

## COUNT VI – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

307. In response to Paragraph 307 of Plaintiffs' Amended Complaint, these Defendants hereby incorporate by reference, as fully stated herein, their responses to Paragraphs 1 to 306 of Plaintiffs' Amended Complaint, contained herein above.

308. Defendants deny the statements and allegations contained in Paragraph 308 of Plaintiffs' Amended Complaint.

309. Defendants deny the statements and allegations contained in Paragraph 309 of Plaintiffs' Amended Complaint.

310. Defendants deny the statements and allegations contained in Paragraph 310 of Plaintiffs' Amended Complaint.

311. Defendants deny the statements and allegations contained in Paragraph 311 of Plaintiffs' Amended Complaint.

312. Defendants deny the statements and allegations contained in Paragraph 312 of Plaintiffs' Amended Complaint.

313. Defendants deny the statements and allegations contained in Paragraph

313 of Plaintiffs' Amended Complaint.

314. Defendants deny the statements and allegations contained in Paragraph 314 of Plaintiffs' Amended Complaint.

## COUNT VII – MALICIOUS PROSECUTION

315. In response to Paragraph 315 of Plaintiffs' Amended Complaint, these Defendants hereby incorporate by reference, as fully stated herein, their responses to Paragraphs 1 to 314 of Plaintiffs' Amended Complaint, contained herein above.

316. Defendants deny the statements and allegations contained in Paragraph 316 of Plaintiffs' Amended Complaint.

317. Defendants deny the statements and allegations contained in Paragraph 317 of Plaintiffs' Amended Complaint.

318. Defendants deny the statements and allegations contained in Paragraph 318 of Plaintiffs' Amended Complaint.

319. Defendants deny the statements and allegations contained in Paragraph 319 of Plaintiffs' Amended Complaint.

320. Defendants deny the statements and allegations contained in Paragraph 320 of Plaintiffs' Amended Complaint.

321. Defendants deny the statements and allegations contained in Paragraph 321 of Plaintiffs' Amended Complaint.

322. Defendants deny the statements and allegations contained in Paragraph 322 of Plaintiffs' Amended Complaint.

## COUNT VIII – ABUSE OF PROCESS

323. In response to Paragraph 323 of Plaintiffs' Amended Complaint, these

Defendants hereby incorporate by reference, as fully stated herein, their responses to Paragraphs 1 to 322 of Plaintiffs' Amended Complaint, contained herein above.

324.    Defendants deny the statements and allegations contained in Paragraph 324 of Plaintiffs' Amended Complaint.

325.    Defendants deny the statements and allegations contained in Paragraph 325 of Plaintiffs' Amended Complaint.

326.    Defendants deny the statements and allegations contained in Paragraph 326 of Plaintiffs' Amended Complaint.

327.    Defendants deny the statements and allegations contained in Paragraph 327 of Plaintiffs' Amended Complaint.

328.    Defendants deny the statements and allegations contained in Paragraph 328 of Plaintiffs' Amended Complaint.

## **COUNT IX – DEFAMATION OF CHARACTER**

329.    In response to Paragraph 329 of Plaintiffs' Amended Complaint, these Defendants hereby incorporate by reference, as fully stated herein, their responses to Paragraphs 1 to 328 of Plaintiffs' Amended Complaint, contained herein above.

330.    Defendants deny the statements and allegations contained in Paragraph 330 of Plaintiffs' Amended Complaint.

331.    Defendants deny the statements and allegations contained in Paragraph 331 of Plaintiffs' Amended Complaint.

332.    Defendants deny the statements and allegations contained in Paragraph 332 of Plaintiffs' Amended Complaint.

333.    Defendants deny the statements and allegations contained in Paragraph

33 of Plaintiffs' Amended Complaint.

## COUNT X – DEFAMATION OF CHARACTER/SLANDERR

334.    In response to Paragraph 334 of Plaintiffs' Amended Complaint, these Defendants hereby incorporate by reference, as fully stated herein, their responses to Paragraphs 1 to 330 of Plaintiffs' Amended Complaint, contained herein above.

335.    Defendants deny the statements and allegations contained in Paragraph 335 of Plaintiffs' Amended Complaint.

336.    Defendants deny the statements and allegations contained in Paragraph 336 of Plaintiffs' Amended Complaint.

337.    Defendants deny the statements and allegations contained in Paragraph 337 of Plaintiffs' Amended Complaint.

338.    Defendants deny the statements and allegations contained in Paragraph 338 of Plaintiffs' Amended Complaint.

## COUNT XI – CIVIL CONSPIRACY

339.    In response to Paragraph 339 of Plaintiffs' Amended Complaint, these Defendants hereby incorporate by reference, as fully stated herein, their responses to Paragraphs 1 to 337 of Plaintiffs' Amended Complaint, contained herein above.

340.    Defendants deny the statements and allegations contained in Paragraph 340 of Plaintiffs' Amended Complaint.

341.    Defendants deny the statements and allegations contained in Paragraph 341 of Plaintiffs' Amended Complaint.

342.    Defendants deny the statements and allegations contained in Paragraph 342 of Plaintiffs' Amended Complaint.

343.    Defendants deny the statements and allegations contained in Paragraph 343 of Plaintiffs' Amended Complaint.

344.    Defendants deny the statements and allegations contained in Paragraph 344 of Plaintiffs' Amended Complaint.

345.    Defendants deny the statements and allegations contained in Paragraph 345 of Plaintiffs' Amended Complaint.

## COUNT XII – NEGLIGENT SUPERVISION

346.    In response to Paragraph 346 of Plaintiffs' Amended Complaint, these Defendants hereby incorporate by reference, as fully stated herein, their responses to Paragraphs 1 to 345 of Plaintiffs' Amended Complaint, contained herein above.

347.    Paragraph 347 of Plaintiffs' Amended Complaint contains a statement of law or argument to which no admission or denial is required; however, Defendants deny as it is inaccurate.

348.    Defendants deny the statements and allegations contained in Paragraph 348 of Plaintiffs' Amended Complaint.

349.    Defendants deny the statements and allegations contained in Paragraph 349 of Plaintiffs' Amended Complaint.

350.    Defendants deny the statements and allegations contained in Paragraph 350 of Plaintiffs' Amended Complaint.

351.    Defendants deny the statements and allegations contained in Paragraph 351 of Plaintiffs' Amended Complaint.

352.    Defendants deny the statements and allegations contained in Paragraph 352 of Plaintiffs' Amended Complaint.

353. Defendants deny the statements and allegations contained in Paragraph 353 of Plaintiffs' Amended Complaint.

354.   Defendants deny the statements and allegations contained in Paragraph 354 of Plaintiffs' Amended Complaint.

## COUNT V – PRIMA FACIE NEGLIGENCE

355.   In response to Paragraph 355 of Plaintiffs' Amended Complaint, these Defendants hereby incorporate by reference, as fully stated herein, their responses to Paragraphs 1 to 354 of Plaintiffs' Amended Complaint, contained herein above.

356.   Paragraph 356 of Plaintiffs' Amended Complaint contains a statement of law or argument to which no admission or denial is required; however, Defendants deny as it is inaccurate.

357.   Defendants deny the statements and allegations contained in Paragraph 357 of Plaintiffs' Amended Complaint.

358.   Defendants deny the statements and allegations contained in Paragraph 358 of Plaintiffs' Amended Complaint.

359.   Defendants deny the statements and allegations contained in Paragraph 359 of Plaintiffs' Amended Complaint.

360.    Defendants deny the statements and allegations contained in Paragraph 360 of Plaintiffs' Amended Complaint.

361.   Defendants deny the statements and allegations contained in Paragraph 361 of Plaintiffs' Amended Complaint.

362.   Defendants deny the statements and allegations contained in Paragraph 362 of Plaintiffs' Amended Complaint.

363.    Defendants deny the statements and allegations contained in Paragraph 363 of Plaintiffs' Amended Complaint.

## COUNT XIV – LOSS/IMPAIRMENT OF PARENTAL CONSORTIUM

364.    In response to Paragraph 364 of Plaintiffs' Amended Complaint, these Defendants hereby incorporate by reference, as fully stated herein, their responses to Paragraphs 1 to 363 of Plaintiffs' Amended Complaint, contained herein above.

365.    Defendants deny the statements and allegations contained in Paragraph 365 of Plaintiffs' Amended Complaint.

366. Defendants deny the statements and allegations contained in Paragraph 366 of Plaintiffs' Amended Complaint.

367.    Defendants deny the statements and allegations contained in Paragraph 367 of Plaintiffs' Amended Complaint.

368.    Defendants deny the statements and allegations contained in Paragraph 368 of Plaintiffs' Amended Complaint.

369.    Defendants deny the statements and allegations contained in Paragraph 369 of Plaintiffs' Amended Complaint.

370.    Defendants deny the statements and allegations contained in Paragraph 370 of Plaintiffs' Amended Complaint.

371. Answering the WHEREFORE paragraph of Plaintiffs' Amended Complaint, these Defendants state that the Plaintiffs are not factually, legally, or equitably entitled to the relief prayed for.

## AFFIRMATIVE DEFENSES

## FIRST DEFENSE

The Complaint fails to state a claim(s) or cause(s) of action against these Defendants upon which relief may be granted and, therefore, said Complaint should be dismissed pursuant to Rule 12 of the Federal Rules of Civil Procedure.

## SECOND DEFENSE

Defendants assert the defenses of insufficiency of process and insufficiency of service of process.

## THIRD DEFENSE

To the extent any of the following affirmative defenses are applicable, based upon the evidence adduced in this matter, these Defendants invoke the following defenses of contributory negligence, comparative negligence, assumption of the risk, waiver, estoppel, laches, release, res judicata, collateral estoppel, expiration of the statute of limitations, lack of personal jurisdiction, and any other matter constituting an avoidance or affirmative defense.

## FOURTH DEFENSE

Defendants assert and preserve those immunities and defenses contained in W. Va. Code § 29-12A-1, et seq.

## FIFTH DEFENSE

These Defendants enjoy absolute immunity from liability in this civil action.

## SIXTH DEFENSE

These Defendants specifically assert all common law, statutory and constitutional immunities afforded it under State and Federal law.

## SEVENTH DEFENSE

These Defendants did not breach any duty that they owed to the Plaintiffs.

## EIGHTH DEFENSE

Defendants raise and preserve the defenses of qualified immunity and any other immunity available to each Defendant pursuant to the United States Constitution, the United States Code, the West Virginia State Constitution and the West Virginia State Code.

## NINTH DEFENSE

Defendants assert and preserve the affirmative defenses of absolute and qualified immunity. Harlow v. Fitzgerald, 457 U.S. 800, 102 S. Ct. 2727, 73 L.Ed.2d 396 (1982); Clark v. Dunn, 465 S.E.2d 374 (W.Va. 1995); and State v. Chase Securities, Inc., 424 S.E.2d 591, 595 (W. Va. 1992).

## TENTH DEFENSE

Defendants are immune from liability because they acted at all times with probable cause and in the good faith performance of their official duties.

## ELEVENTH DEFENSE

Defendants deny that they acted in violation of the Plaintiffs' Constitutional rights and further deny that they acted willfully, intentionally, or in callous disregard for the Plaintiffs' Constitutional and statutory rights or that they in any way denied Plaintiffs due process of law.

## TWELTH DEFENSE

That the alleged damages, of which the Plaintiffs complain, were caused by the misconduct of Plaintiffs or acts of others over which these Defendants had no control.

## THIRTEENTH DEFENSE

Defendants are immune from suit because their conduct was not in contravention of

46

any clearly established Constitutional right or privilege of the Plaintiffs.

## FOURTEENTH DEFENSE

Plaintiffs' claim is an improper and untimely collateral attack.

## FIFTEENTH DEFENSE

That no custom, usage, policy, practice, acts, or omissions of these Defendants caused a deprivation of Plaintiff's rights, including any civil rights.

## SIXTEENTH DEFENSE

Defendants hereby raise and preserve each and every defense set forth in Rules 8, 9 and 12 of the Federal Rules of Civil Procedure, and further reserve the right to raise such additional defenses as may appear appropriate following further discovery and factual development in this case.

## SEVENTEENTH DEFENSE

That the Plaintiffs may have failed to join a necessary party pursuant to Rule 19 of the Federal Rules of Civil Procedure and, therefore, these Defendants reserve the right to file additional affirmative defenses, counterclaims, cross-claims, motions to dismiss and/or third-party claim if the sufficient or factual basis therefore is developed through ongoing investigation and discovery.

## EIGHTEENTH DEFENSE

Defendants raise and preserve the defenses of lack of publication, privilege and truth.

## NINTEENTH DEFENSE

For a separate and distinct defense, these Defendants state that the Plaintiffs, to the extent that they seek punitive damages, violates the Defendants' right to procedural due process under the Fourteenth Amendment of the United States Constitution and the

Constitution of the State of West Virginia, violate the Defendants' right to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and Article III, Section 5 of the Constitution of the State of West Virginia, and violate the Defendants' right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of West Virginia, and therefore fails to sate a cause of action upon which punitive damages can be awarded.

## TWENTIETH DEFENSE

For a separate and distinct defense, these Defendants state that any award of punitive damages to the Plaintiffs in this case would violate the constitutional safeguards provided to the Defendants under the due process clause of the Fourteenth Amendment of the United States Constitution, in that punitive damages are vague and are not rationally related to legitimate government interests, and under the Sixth and Eighth Amendments of the United States Constitution, in that punitive damages are penal in nature, and consequently, the Defendants are entitled to the same safeguards accorded to criminal defendants, and punitive damages would violate the rights guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution because punitive damages, being penal in nature, would require a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

## TWENTY-FIRST DEFENSE

These Defendants deny that they are liable to the Plaintiffs in any amount or that the Plaintiffs are otherwise entitled to recovery and/or the relief sought from these Defendants in the Plaintiffs' Complaint.

## TWENTY-SECOND DEFENSE

For a separate and distinct defense, these Defendants state that they did not perform any wrongful acts or omissions as alleged by the Plaintiffs.

## JURY DEMAND

Defendants respectfully demand a trial by jury on all issues so triable.

## PRAYER

**WHEREFORE,** Defendants, Putnam County Commission, Mark Sorsaia, Jennifer Scragg Karr, Elizabeth Sunyong, Marian Smith, Tony Craigo, having fully answered Plaintiffs' Amended Complaint, pray that Plaintiffs' Amended Complaint be dismissed and held for naught; that Plaintiffs recover nothing from these Defendant; that these Defendants recover their costs, expenses of suit, and a reasonable attorney's fee made necessary in defending this Amended Complaint; and for such other and further relief, whether legal or equitable in character, as to which Defendants may be entitled.

> Putnam County Commission, Mark Sorsaia,
> Jennifer Scragg Karr, Elizabeth Sunyong,
> Marian Smith, Tony Craigo
> By Counsel,
>
>
> */s/ Wendy E. Greve*
> Wendy E. Greve, WV State Bar No. 6599
> Drannon L. Adkins, WV Statae Bar No. 1384

**PULLIN, FOWLER, FLANAGAN, BROWN & POE, PLLC**
JamesMark Building
901 Quarrier Street
Charleston, WV  25301
Telephone:   (304) 344-0100
Facsimile:    (304) 342-1545

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN WEST VIRGINIA
HUNTINGTON DIVISION**

**LESLIE MAY GREENE, individually and
on behalf of her minor child, B.G.,**

   **Plaintiff,**

**v.**            **CIVIL ACTION NO.: 3:21-cv-520
HONORABLE ROBERT C.
CHAMBERS**


**THE PUTNAM COUNTY COMMISSION,
MARK A. SORSAIA, individually as a
member of Putnam County
Prosecutor's Office; JENNIFER
SCRAGG KARR, individually as a
member of Putnam County
Prosecutor's Office; ELIZABETH
SUNYOG, individually as a member of
Putnam County Prosecutor's Office;
MARIAN SMITH, individually as a
member of Putnam County
Prosecutor's Office; TONY CRAIGO,
individually as a member of Putnam
County Prosecutor's Office;  JODI B.
TYLER, individually as a member of
Putnam County Prosecutor's Office;
MORGAN M. SWITZER, individually as a
member of the Kanawha County
Prosecutor's Office; C. J. EASTRIDGE,
individually as a member of the West
Virginia State Police; THE CITY OF
HURRICANE; JOSHUA LUCAS,
individually as a member of the City
Hurricane Police Department and,
JAMES MARK MCCOY a/k/a MARK
MCCOY, individually,**

   **Defendants.**

50

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of October 2021, I electronically filed the foregoing **Defendants, Putnam County Commission, Mark A. Sorsaia, Jennifer Scragg Karr, Elizabeth Sunyong, Marian Smith and Tony Craigo, Answer to Plaintiffs' Amended Complaint (ECF 4)** with the Clerk of the Court using the CM/ECF system which will send notification of such filing.

Russell A. Williams, Esq.
Stephen P. New, Esq.
New, Taylor & Associates
430 Harper Park Drive
Beckley, WV  2580
*Counsel for Plaintiff*

Johnnie E. Brown, Esq.
Pullin, Fowler, Flanagan, Brown & Poe, PLLC
JamesMark Building
901 Quarrier Street
Charleston, WV  25301
*Counsel for The City of Hurricane and Joshua Lucas*

Jon D. Hoover, Esq.
Hoover Andrews
PO Box 249
Barboursville, WV  25504
*Couunsel for James Mark McCoy*

*/s/ Wendy E. Greve*
Wendy E. Greve, WV State Bar No. 6599
Drannon L. Adkins, WV Statae Bar No. 1384

**PULLIN, FOWLER, FLANAGAN, BROWN & POE, PLLC**
JamesMark Building
901 Quarrier Street
Charleston, WV  25301
Telephone:   (304) 344-0100
Facsimile:     (304) 342-1545

51