IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

LESLIE MAY GREENE, individually
and on behalf of her minor child, B.G.,

    Plaintiff,

v.             CIVIL ACTION NO.  3:21-0520

THE PUTNAM COUNTY COMMISSION,
MARK A. SORSAIA, individually as a
member of the Putnam County Prosecutor's Office,
JENNIFER SCRAGG KARR, individually as a
member of the Putnam County Prosecutor's Office,
ELIZABETH SUNYOG, individually as a
member of the Putnam County Prosecutor's Office,
MARIAN SMITH, individually as a
member of the Putnam County Prosecutor's Office,
TONY CRAIGO, individually as a
member of the Putnam County Sheriff's Department,
JODI B. TYLER, individually as a
member of the Kanawha County Prosecutor's Office,
MORGAN M. SWITZER, individually as a
member of the Kanawha County Prosecutor's Office,
C. J EASTRIDGE, individually as a
member of the West Virginia State Police,
THE CITY OF HURRICANE,
JOSHUA LUCAS, individually as a
member of the City of Hurricane Police Department, and
JAMES MARK MCCOY a/k/a MARK MCCOY, individually,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

  Pending before the Court is Defendant C.J. Eastridge's Supplemental Motion to Dismiss, to which Plaintiff has not responded. ECF No. 49. For the reasons below, the Court **GRANTS** Defendant Eastridge's Supplemental Motion to Dismiss (ECF No. 49) and **DISMISSES** Count VIII against him.

-1-

Plaintiff alleges a number of counts against Defendant Eastridge in her Complaint, most of which the Court dismissed in its Memorandum Opinion and Order dated November 10, 2022. ECF No. 48. The Court, however, did not dismiss Count VIII, a common law abuse of process claim regarding Defendant Eastridge's alleged fabrication of evidence. *Id.* at 25. Instead, the Court directed the parties to provide further briefing as to whether absolute witness immunity shielded Defendant Eastridge from Count VIII, as neither party had addressed absolute witness immunity in their initial briefing. *Id.* at 25-26. Defendant Eastridge timely filed a supplemental motion to dismiss, to which Plaintiff did not respond in opposition. Def. C.J. Eastridge's Supp. Mot. to Dismiss, ECF No. 49.

In his supplemental motion, Defendant Eastridge argues that he is entitled to absolute witness immunity regarding his alleged cropping of a photo and subsequent testimony before the Grand Jury. *Id.* at 3. He cites *Rehberg v. Paulk*, 566 U.S. 356 (2012), for the proposition that "a grand jury witness has absolute immunity from any § 1983 claim based on the witness' testimony," even when the witness is a member of law enforcement. Def. C.J. Eastridge's Supp. Mot. to Dismiss at 3-4, ECF No. 49 (citing *Rehberg*, 566 U.S. at 367, 369). And as the Fourth Circuit has clarified, this immunity is "broad in scope, extending to claims that [a defendant] presented or conspired to present false evidence, and to claims based on [the defendant's] preparatory activity in advance of testifying." *Everette-Oates v. Chapman*, No. 20-1093, 2021 WL 3089057, at *5 (4th Cir. July 22, 2021), *cert. denied sub nom. Everette-Oates v. Wood*, 142 S. Ct. 590 (2021); Def. C.J. Eastridge's Supp. Mot. to Dismiss at 5-6, ECF No. 49.

Count VIII should be dismissed because Defendant Eastridge is entitled to absolute witness immunity for the alleged conduct. Here, absolute witness immunity applies because Plaintiff's common law abuse of process claim hinges on Defendant Eastridge's testimony in front of the

-2-

Grand Jury, as well as actions taken in preparation for that testimony. Compl. ¶¶ 162, 164, ECF No. 1 (alleging that Defendant Eastridge cropped portions of a photograph that establish it was not taken by Plaintiff, as well as offered false testimony to the Grand Jury). She does not claim that Defendant Eastridge presented the cropped photograph to anyone else—rather, she specifically alleges that Defendant prosecutors in this case "knew that the testimony offered by Trooper Estridge [sic] to the Grand Jury was false, yet allowed him to perjure himself anyway." *Id.* ¶ 165. The alleged fabrication of evidence, therefore, hinges solely on Defendant Eastridge's actions during and in preparation for his testimony before the Grand Jury.

Accordingly, the Court **GRANTS** Defendant Eastridge's Supplemental Motion to Dismiss (ECF No. 49) and **DISMISSES** the common law abuse of process claim (Count VIII) against him. Because all other claims against Defendant Eastridge have been dismissed in the Memorandum Opinion and Order dated November 10, 2022 (ECF No. 48), the Court **DISMISSES** this action as to Defendant Eastridge.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: June 20, 2023

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE