IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

LESLIE MAY GREENE, individually
and on behalf of her minor child, B.G.,

                  Plaintiff,

v.                                              CIVIL ACTION NO.   3:21-0520

JAMES MARK MCCOY a/k/a MARK MCCOY, individually,

                  Defendant/ Cross Claimant,

v.

THE PUTNAM COUNTY COMMISSION,
MARK A. SORSAIA, individually as a
member of the Putnam County Prosecutor's Office,
JENNIFER SCRAGG KARR, individually as a
member of the Putnam County Prosecutor's Office,
ELIZABETH SUNYOG, individually as a
member of the Putnam County Prosecutor's Office,
MARIAN SMITH, individually as a
member of the Putnam County Prosecutor's Office,
TONY CRAIGO, individually as a
member of the Putnam County Sheriff's Department,
JODI B. TYLER, individually as a
member of the Kanawha County Prosecutor's Office,
MORGAN M. SWITZER, individually as a
member of the Kanawha County Prosecutor's Office,
C. J. Eastridge, individually as
a member of the West Virginia State Police,
THE CITY OF HURRICANE, and
JOSHUA LUCAS, individually as a
member of the City of Hurricane Police Department,

                  Cross Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is a Motion to Withdraw as Counsel filed by Stephen P. New, counsel for Plaintiff. ECF No. 70.[1] For the reasons stated herein, the Motion is **GRANTED**.

### I. Background

Plaintiff Leslie May Greene brought this suit individually and on behalf of her minor child, B.G., against the father of B.G., Defendant James Mark McCoy, and eleven others. ECF Nos. 1 and 4. Among Plaintiff's allegations were Fourth Amendment, Fourteenth Amendment, negligence, and civil conspiracy claims. ECF No. 4.

This Court granted Defendants' motions to dismiss, which resulted in the dismissal of all Plaintiff's claims against all the defendants except Defendant McCoy. ECF Nos. 45, 46, 47, 48, 56, and 57. Plaintiff appealed the Court's decision. ECF No. 51. The United States Court of Appeals for the Fourth Circuit dismissed Plaintiff's appeal because Plaintiff's claims against Defendant McCoy remain unresolved. ECF Nos. 64 and 65.

On August 20, 2024, Mr. New filed a motion to withdraw as Ms. Greene's counsel. ECF No. 70. Defendants did not oppose the motion. ECF No. 71. Ms. Greene filed a Response in Opposition. ECF No. 73. Mr. New filed a Reply in Opposition to Plaintiff's Response in Opposition. ECF No. 78. On October 16, 2024, the Court held a Motion Hearing with both Mr. New and Ms. Greene present. ECF No. 84.

---

[1] In making this decision, the Court considered the following: Stephen P. New's Motion to Withdraw as Counsel on behalf of Leslie M. Greene, ECF No. 70; Joint Motion by Tony Craigo, C. J. Eastridge, Jennifer Scragg Karr, Joshua Lucas, James Mark McCoy, Marian Smith, Mark A. Sorsaia, Elizabeth Sunyog, Morgan M. Switzer, The City of Hurricane, The Putnam County Commission, Jodi B. Tyler to Stay Rule 26(f) Meeting, ECF No. 71; Leslie M. Greene's Response in opposition to Stephen P. New's Motion to Withdraw as Counsel, ECF No. 73; Stephen P. New's Reply in Opposition, ECF No. 78; the Motion Hearing held on October 16, 2024, ECF No. 84, and Exhibit List Exhibit #1, ECF No. 85.

## II. Legal Standard

"The decision to grant or deny an attorney's motion to withdraw is committed to the discretion of the district court." *Gabbidon v. Wilson*, No. CV 1:19-00828, 2023 WL 2842875, at *1 (S.D.W. Va. Mar. 28, 2023) (quoting *Abbott v. Gordon*, No. CIV.A. DKC 09-0372, 2010 WL 4183334, at *1 (D. Md. Oct. 25, 2010).

Local Rule of Civil Procedure 83.4(c) requires an attorney whose withdrawal would result in the client no longer having representation to move for withdrawal and "show good cause." West Virginia Rule of Professional Conduct 1.16, which this Court follows per Local Rule of Civil Procedure 83.7, provides several examples of "good cause" that allow an attorney to terminate representation. Among these justifications are the following:

> . . . (4) the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement; . . . (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or (7) other good cause for withdrawal exists.

Rule 1.16(c) states "[a] lawyer must obtain permission of the court when terminating a representation in litigation." Rule 1.16(c) further states a lawyer with good cause must continue to represent their client if a court so orders.

## III. Analysis

In the present case, the Court finds Mr. New has shown good cause for withdrawal under both West Virginia Rule of Professional Conduct 1.16(b)(4) and (6).

First, the Court finds Mr. New has demonstrated his continued representation of Ms. Greene will result "in an unreasonable financial burden" for him and his firm. Rule 1.16(b)(6). At the hearing, Mr. New stated he had spent $17,000 of his and his firm's resources on Ms. Greene's

case, excluding his time. Mr. New noted there was little prospect of financial return on this case after the Court dismissed the claims against all the defendants save for those against Defendant McCoy. Aside from Defendant McCoy, Plaintiff sued the other defendants, all of whom were government entities or employees, "up to the limits of the insurance policy that provides liability coverage for their actions and omissions." ECF No. 4. Defendant McCoy was presumably not covered by any such insurance policy. Mr. New argued that, even if Ms. Greene won her suit against Defendant McCoy, the prospect of recovering from Defendant McCoy was much lower than the chances of recovering against the insured defendants named in the complaint. Ms. Greene did not meaningfully controvert any of these points.

Besides the expenses, it is evident that Mr. New has zealously litigated this case. His advocacy in this case has included diligently litigating this case before this Court and appealing this Court's decisions to the Fourth Circuit, ECF No. 51. To continue this advocacy would require him and his firm to expend more time and resources on a case he believes is unlikely to produce any returns. Such an outcome would result in an unreasonable financial burden. Therefore, the Court finds Mr. New has shown good cause to withdraw and will allow him to withdraw as Ms. Greene's counsel in this case pursuant to Rule 1.16(b)(6).

Independently, the Court finds Mr. New has also demonstrated that Ms. Greene requested Mr. New to proceed in a manner he considers repugnant. Mr. New recorded his phone call with Ms. Greene on this matter and provided the recording to the Court. ECF No. 85. In the call, Ms. Greene told Mr. New she had a pending custody modification hearing, where she was motioning to get custody of her daughter and child support. *Id.* at 6:28 to 6:41.

Ms. Greene then asked Mr. New to leverage the present case to influence the proceedings in the child custody dispute. Ms. Greene stated, "I'd like to see him stay on the hook and myself be

able to use that as leverage to get through this hearing in October and then honestly I could care less what happens to him." *Id.* at 6:46 to 6:59. Ms. Greene asked Mr. New to wait until after the custody modification hearing to withdraw as counsel. *Id.* at 7:12 to 7:21. Mr. New's response to this request was that he found such a strategy to be unethical and a path he was unwilling to pursue. *Id.* at 7:21 to 8:06. Mr. New reiterated this point at the Motion Hearing. Therefore, the Court finds Mr. New has shown good cause to withdraw and will allow him to withdraw as Ms. Greene's counsel in this case pursuant to Rule 1.16(b)(4).

## IV.   Conclusion

For the foregoing reasons, the Motion to Withdraw as Counsel filed by Stephen P. New is **GRANTED**.

The Court **DIRECTS** Mr. New to provide Ms. Greene with all the necessary materials to proceed with this litigation. The Court **DIRECTS** Ms. Greene to inform the Court whether she intends to retain counsel to represent her in this matter or proceed *pro se* within thirty (30) days of the entry of this Memorandum Opinion and Order.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and the Plaintiff.

ENTER:   November 7, 2024

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE